[No. 1069, March 2, 1906.]

ALEXANDER M. HENRY, Plaintiff in Error, v. THE LINCOLN LUCKY AND LEE MINING CO., H. B. CARTWRIGHT, et al., Defendants in Error.

Error from the district court of Santa Fe county, before JOHN R. McFIE, Associate Justice.

W. B. CHILDERS and N. B. LAUGHLIN, for plaintiff in error.

The term of court was still open when this motion for a new trial was filed.

> Sec. 2685 of Compiled Laws N. M., Sub-Secs. 103 and 104.

No adjournment of the term is shown by the record.

> Grable v. State, 2 Green (Iowa) 559; Stovall v. Emerson, 20 Mo. Ap. 322; 1 Ency. Pl. & Pr. 243, 245; 21 Ency. Pl. & Pr. 601, 602 and 631; Schofield v. Horse Springs Cattle Co. 65 Fed. 433; Coudert v. U. S. 85, Fed. 844; Harrison v. German American F. Ins. Co. 90 Fed. 758; 1 A. & E. Ency. of Law, pp. 638 and 639; Cheney v. Smith, 23 Pac. 685; 1 Blackstone Com. 186; See also Lansford Borough, 141 Pa. St. 138.

An adjourned session is considered as the same session at which the adjournment was made.

> Mechanics Bank v. Withers, 6 Wheaton, 106 and Notes; 2 Roses Notes p. 53.

The laws of New Mexico contain the usual provision for adjournment of terms to terms in course on the non-attendance of the judge.

> Gonzales v. Cunningham 164 U. S. 626; Labadie v. Dean, 47 Tex. 90; The Canary No.

2, 22 Fed. 536; Commonwealth v. Session of Norfolk, 5 Mass. 434; Eastman v. City of Concord, 64 N. H. 203; Bronson v. Schulten, 104 U. S. 415; Brayman v. Whitcomb, 134 Mass. 525; 1 Cyc. of Law and Pro. pp. 793, 794.

E. A. Fiske, for defendant in error.

All motions for new trial in cases tried by juries, shall be filed during the term of the court at which the case is tried, and within 5 days after the rendition of the verdict or findings.

New Mexico Code Sub-Sec. 133.

In the absence of a motion for a new trial in the court below, filed as directed by Sub-Sec. 133 of the Code of New Mexico, the cause cannot be reviewed in this court.

Schofield v. Slaughter, 9 N. M. 422, and authorities cited; D. & R. G. R. R. v. U. S., 9 N. M. 309 and 311; Territory v. Chaves y Chaves, 9 N. M. 282; Padilla v. Territory, 8 N. M. 562; Rogers v. Richards, 8 N. M. 653-658; Western H. & I. Co. v. First Natl. Bk. 9 N. M.; 1. U. S. v. Lesner, 9 N. M. 271; Territory v. Archibeque, 9 N. M. 403; Territory v. Christian, 9 N. M. 582.

MOTION TO STRIKE OUT, MOTION FOR A NEW TRIAL AND BILL OF EXCEPTIONS.

MOTION DENIED.

PER CURIAM.—There can be no doubt that a motion for a new trial must be filed during the term at which the verdict is rendered and within five days after verdict; that unless so filed it may be stricken from the files as a nullity, and that unless a motion for a new trial is filed in a case tried by a jury, no question, properly to be presented to the lower court thereby, can be reviewed here. But in this case, although it seems probable that it was the intention, of the judge to adjourn the term of court, that intention, perhaps by inadvertance, was not, we think, embodied in the record. The language of the adjournment is: "It is ordered that the court do now adjourn

until court in course." That order was in the form in ordinary use in some of the districts of the Territory when the courts were in session only during the terms established by statute, but since the law was so changed by Section 103 of the Code, that the courts are to be always in session except for jury trials, it would seem to be necessary that the "term," which is still recognized as existing for many purposes should be particularly mentioned, or at least, definitely indicated, in the adjournment order, and in the absence of such mention, or specific reference, it must be held that the court and not the term was adjourned. As we have said, it is highly probable that it was the intention of the court to adjourn the term, but we cannot read into the record what it does not contain, and it, we think, does not show that the term had ended when the motion for a new trial was made, and, as it was filed within five days after verdict, it was in time.

The subsequent termination of the term by operation of law without action thereon by the court resulted, under the statute in its being overruled.

For the reasons stated, the motion to strike the motion for a new trial and the bill of exceptions from the record is denied.

WILLIAM J. MILLS,
Chief Justice.